IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LANG'S MARINA RESTAURANT, ) <br> ) <br> Defendant. ) <br> _____ ) | CV211-157 <br><br> CIVIL ACTION NUMBER: <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of a disability and to provide appropriate relief to James Wilson ("Charging Party"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Lang's Marina Restaurant ("Defendant") terminated Charging Party from his employment because of his disability, in violation of the ADA, as amended.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to

Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Brunswick Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Lang's Marina Restaurant has continuously been a sole proprietorship doing business in the State of Georgia, and the City of St. Mary's, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Lang's Marina Restaurant has continuously been an employer engaged in an industry affecting commerce under

Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant Lang's Marina Restaurant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging violations of the ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least February 2009, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by terminating Charging Party because of his disability.

9. Charging Party was hired by Defendant in February 2009 as a Kitchen Helper.

10. During the application process, Charging Party informed Defendant that he had a prosthetic leg.

11. Charging Party has a physical impairment that substantially limits him in the major life activities of musculoskeletal functioning, walking and standing.

12. On February 27, 2009, Charging Party worked his first and only shift with Defendant.

13. During the shift, Charging Party was assigned the duty of peeling shrimp and successfully completed his shift without incident. Thus, Charging Party was able to perform the essential functions of the position.

14. At the end of the shift, Charging Party was directed to call the next day to receive his work schedule for the following week.

15. When Charging Party called the next day for his work schedule, the manager, Matt Fulford, told him that Defendant was terminating his employment because the Owner believed that Charging Party could hurt himself or his co-workers by falling down in the kitchen due to his prosthetic leg.

16. When Charging Party later met with Defendant's Owner, Calvin Lang, Lang confirmed that he was terminating Charging Party's employment because Lang was afraid that he would get someone hurt or himself hurt due to his prosthetic leg.

17. Defendant unlawfully terminated Charging Party because of his disability and took a prohibited action against him because of his impairment.

18. The effects of the practices complained of in Paragraphs 8-17 have been to deprive Charging Party of equal employment opportunities and, otherwise,

4

adversely affect his status as an employee because of his disability.

20. The unlawful employment practices complained of in Paragraphs 8-17 were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of Charging Party.

21. The effects of the practices complained of in paragraphs 8-17 have been to inflict emotional pain, suffering, and inconvenience upon Charging Party and deprive him of the financial and other benefits of working for Defendant.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination against employees, and engaging in any other employment practices that discriminate on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Charging Party, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay, lost benefits and prejudgment interest, in amounts to be determined at trial,

and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Charging Party by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REEMS
Associate General Counsel

| | |
|---|---|
| 9/23/2011 | s/ Robert K. Dawkins |
| Date | ROBERT K. DAWKINS |
| | Regional Attorney |
| | Georgia Bar No. 076206 |

Ottrell Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

Lakisha C. Duckett
Trial Attorney
Georgia Bar No. 231641
lakisha.duckett@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office

100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818
Facsimile: (404) 562-6905